IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| TERESA VITALI,<br><br>    Plaintiff,<br>vs.<br><br>FARMINGTON MUNICIPAL SCHOOLS, FLOYD KURLEY, DR. GORDON GLASS, IDA ESTRADA, MARY DEXEL, COLEEN MARTINEZ, JANE DOE 1, AND JANE DOE 2,<br><br>    Defendants. | No. CIV 98-1301 PK/DJS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Floyd Kurley's Motion to Dismiss filed Mar. 1, 1999 (doc. 21) and the court, after considering the grounds asserted in the pleadings and considering the applicable law, finds that the motion is well taken on all claims, save the federal constitutional right to privacy claim.

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts all well-pleaded allegations as true, see Albright v. Oliver, 510 U.S. 266, 268 (1994), and may grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

This is an employment discrimination case based upon the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. It arises out of events culminating in Defendant Farmington Municipal Schools ("FMS") not rehiring Plaintiff during the 1997-98 school year. In addition to (1) the ADA claim, Plaintiff has several supplemental state law claims: (2) breach of contract, (3) tortious interference with contractual relations, (4) defamation, (5) violation of the right to privacy under the New Mexico and United States Constitutions, (6) intentional infliction of emotional distress, and (7) prima facie tort. According to Plaintiff, "[t]he causes of action are based on Plaintiff's employment relationship with Farmington Municipal Schools and the manner in which she alleges she was mistreated by the school and several of its present and former employees named, along with Farmington Municipal Schools, as defendants in this proceeding." Initial Pre-Trial Report filed Feb. 1, 1999 at 2 (doc. 20). Defendant Floyd Kurley is the executive director of personnel for Defendant FMS. See Verified Complaint filed Oct. 19, 1998 at 7, ¶ 25 (doc. 1).

Defendant Kurley has moved to dismiss the ADA claim (claim no. 1) against him because the ADA claim lies against employers only. See 42 U.S.C. § 12111(2). Defendant Kurley is not the employer; Defendant FMS is. During the pendency of this motion, the Tenth Circuit held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." Butler v. City of Prairie Village,

Kansas, No. 97-3291, 1999 WL 191116, at * 5 (10th Cir. Apr. 6, 1999). Thus, the ADA claim must be dismissed against Defendant Kurley.

Insofar as the breach of contract claim (claim no. 2), Plaintiff waives it against Defendant Kurley. See Plaintiff's Response to Defendant Floyd Kurley's Motion to Dismiss [Plaintiff's Response] filed Mar. 1, 1999 at 3 (doc. 23). Thus, the breach of contract claim should be dismissed against Defendant Kurley.

Insofar as the remaining state law claims (claim nos. 3, 4, 6, & 7), Defendant Kurley relies upon the immunity granted in the New Mexico Tort Claims Act. See N.M. Stat. Ann. § 41-4-1 to § 41-4-29 (Michie 1996 Repl. Pamp.).[1] Section 41-4-4(A) provides that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by Sections 41-4-5 through 41-4-12 NMSA 1978." Plaintiff points to no applicable provision waiving this immunity and concedes that it protects Defendant Kurley "for alleged wrongful acts that were within his 'scope of duty.'" Plaintiff's Response at 4. Relying upon the definition of "scope of duties" contained in the Tort Claims Act, Plaintiff argues that she has alleged activities outside the scope of duty.

---

[1] Defendant Kurley does not rely upon the exclusive state court jurisdiction provision for claims under the Tort Claims Act as a basis for dismissal. See N.M. Stat. Ann. § 41-4-18. Nor could he given that the school district is not an arm of the state, as discussed below. See Wojciechowski v. Harriman, 607 F. Supp. 631, 633 (D.N.M. 1985); see also Ford v. New Mexico Dep't of Public Safety, 891 P.2d 546, 552 n.2 (N.M. Ct. App. 1994).

"Scope of duties" is defined as "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G). Whether an employee is acting within his or her "scope of duties" is generally a factual question. See Medina v. Fuller, 971 P.2d 851, 856 (N.M. Ct. App. 1998); Rivera v. New Mexico Highway & Transp. Dep't, 855 P.2d 136, 138 (N.M. Ct. App. 1993). In considering statutory "scope of duties" issues, the New Mexico courts have also considered the common law scope of employment doctrine. See Medina, 971 P.2d at 853-56; Rivera, 855 P.2d at 137-40; see also Narney v. Daniels, 846 P.2d 347, 354 (N.M. Ct. App. 1992). Though dependent on the facts, the issue has been decided as a matter of law (on summary judgment) in several cases. See Medina, 971 P.2d at 856-57; Silva v. Town of Springer, 912 P.2d 304, 311(N.M. Ct. App. 1996); Rivera, 855 P.2d at 140; Narney, 846 P.2d at 355-56.

Plaintiff argues that because Defendant Kurley engaged in individual activity and because the acts alleged in the complaint rise to willful, malicious, and bad faith conduct, he acted beyond what he was "requested, required or authorized" to do. Plaintiff's Response at 5. However, the effect of any waiver under the Tort Claims Act is not determined with respect to state of mind, but rather based upon the public employee's duties. Cf. Cobos v. Dona Ana County Housing Auth., 970 P.2d 1143, 1146 (N.M. 1998) ("[T]he effect of the [building]

waiver should not be determined by the legal status of or the title to the real property, but should instead be determined by an examination of the public employees' duties."). The specific allegations contained in the complaint that name Defendant Kurley involve the employment relationship. See Verified Complaint at 7, ¶ 25 (Defendant Kurley told Plaintiff she would have a position in 1997-98); at 8-9, ¶ 34 (Plaintiff was called by Defendant Kurley's secretary and directed to meet with Defendant Dexel about a position); at 9, ¶ 35 (Plaintiff followed directions of Defendant Kurley's secretary); at 10, ¶ 38 (Defendant Kurley met with Plaintiff and told her she had no position for 1997-98), ¶ 39 (Defendant Kurley told Plaintiff he did not want her to take "us" to court), and ¶ 40 (Defendant Kurley told Plaintiff three times that she should not talk to lawyers). No allegations suggest that this activity was not incidental to Defendant Kurley's personnel responsibilities and in furtherance of those responsibilities, even if not specifically authorized. See Medina, 971 P.2d at 856.

Plaintiff does make a general allegation that "Upon information and belief, Defendants' actions were based on improper personal motives, including, but not limited to, Defendants' personal dislike of Plaintiff's medical condition and Defendants' desire that Plaintiff not be employed with Defendant FMS." Verified Complaint at 13, ¶ 57. Even taking this general allegation as true, it falls far short of alleging that the actions complained of arose "entirely from

some external, independent and personal motive on the part of the employee," a necessary precondition for determining that an action is not within the scope of employment. Medina, 971 P.2d at 856 (emphasis added). The state tort law claims should be dismissed.

That leaves the right to privacy claim (claim no. 5) under the New Mexico and United States Constitutions. The right to privacy claim under the New Mexico Constitution (a constitutional tort) against Defendant Kurley should be dismissed on the same immunity grounds as the state tort law claims. See Chavez v. City of Albuquerque, 952 P.2d 474, 477 (N.M. Ct. App. 1997) ("Plaintiff may not seek damages from the City for violation of state constitutional rights unless immunity is waived under the Tort Claims Act . . . ."); Lucero v. Salazar, 877 P.2d 1106, 1107-08 (N.M. Ct. App. 1994); Blea v. City of Espanola, 870 P.2d 755, 759-60 (N.M. Ct. App. 1994) (noting that even with the law enforcement waiver in N.M. Stat. Ann. § 41-4-12, "[w]aiver of immunity based on [vague] constitutional grounds would emasculate the immunity preserved in the Tort Claims Act.").

Defendant Kurley maintains that he was sued in his official capacity and the federal constitutional claim should be dismissed against him based upon Eleventh Amendment immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Plaintiff responds that she is proceeding against Defendant Kurley in his individual capacity on a federal constitutional claim; such a suit

against a state official would be permissible under 42 U.S.C. § 1983. See Hafer v. Melo, 502 U.S. 21, 30-31 (1991). All of this is beside the point, however, because the school districts in New Mexico are not arms of the state entitled to Eleventh Amendment immunity. See Duke v. Grady Mun. Sch., 127 F.3d 972, 978 (10th Cir. 1997). Eleventh Amendment immunity is not applicable. The court expresses no opinion on the merits of this claim.

NOW, THEREFORE, IT IS ORDERED that Defendant Floyd Kurley's Motion to Dismiss filed Mar. 1, 1999 (doc. 21) is granted, except as to the federal constitutional right to privacy claim.

DATED this 27th day of April, 1999 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Michael R. Huffaker, Michael R. Huffaker, P.C., Farmington, New Mexico and John F. Dietz, John F. Dietz, LLC, Durango, Colorado, for Plaintiff.

Marcia E. Lubar and Brady C. Pofahl, Hatch, Allen & Shepherd, P.A., Albuquerque, New Mexico, for Defendant Floyd Kurley.